# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DANNY MERLE BOUZIDEN** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-1140-M |
| | ) | |
| **MIKE ADDISON, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Chief United States District Judge Vicki Miles-LaGrange referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss to which Petitioner has responded. Thus, the matter is at issue. For the following reasons, it is recommended that the motion be granted and the action be dismissed as untimely.

## I. BACKGROUND

By this action, Petitioner challenges his convictions pursuant to his pleas of no contest to twenty-one counts of child sexual abuse, one count of misdemeanor domestic abuse–assault and battery, and sixteen counts of possession of child pornography. Case No. CF-2007-17, District Court of Kingfisher County, Docket (attached to Brief in Support of Motion to Dismiss as Ex. 4); Petition, 2.[1] Petitioner was sentenced to life imprisonment on

---

[1] The page numbers cited for the petition are the pre-printed numbers in the upper right hand corner of the "form" petition. Page 2 is actually the first page of the petition.

each of the child sexual abuse convictions, one year on the misdemeanor domestic abuse conviction, and twenty years on each of the possession of child pornography convictions, each to run consecutively to each other. Judgment & Sentence, Case No. CF-2007-17 (attached to Brief in Support of Motion to Dismiss as Ex. 2); Petition, 2.[2] Petitioner moved to withdraw his pleas, which the state district court denied, and the Oklahoma Court of Criminal Appeals denied certiorari to appeal that denial on October 15, 2008. Brief in Support of Motion to Dismiss, Ex. 4; Bouziden v. State, No. C-2008-206 (Okla. Crim. App. Oct. 15, 2008) (attached to Motion to Dismiss as Ex. 3); Petition, 3. On October 21, 2009, Petitioner filed an application for state post-conviction relief. Brief in Support of Motion to Dismiss, Exs. 4, 6. The state district court denied his application in an order dated November 24, 2009, and Petitioner did not appeal that denial. Brief in Support of Motion to Dismiss, Exs. 4, 5. Instead, on May 25, 2010, Petitioner filed another application for post-conviction relief. Brief in Support of Motion to Dismiss, Ex. 4. The state district court denied his second application in an order dated June 29, 2010, and the Oklahoma Court of Criminal Appeals affirmed that denial on September 17, 2010. Brief in Support of Motion to Dismiss, Ex. 4; Case No. PC-2010-720, Oklahoma Court of Criminal Appeals, Docket; Petition, Attchs.

Petitioner filed this action on October 21, 2010. Petition, 2. He raises four grounds for relief: trial counsel's prejudicial conduct rendered his pleas involuntary and unknowing;

---

[2]Petitioner lists his sentence as fifteen years imprisonment on each of the possession of child pornography convictions. Petition, 2.

ineffective assistance of trial and appellate counsel; "motion to strike;" and "motion for summary disposition brief in support." Petition, 6, 7, 9, 11.

Respondent does not respond to the substantive grounds raised in the petition but has instead filed a motion to dismiss it as time barred. Respondent claims that after statutory tolling Petitioner's one-year limitations period ran on March 22, 2010, making his petition untimely. Brief in Support of Motion to Dismiss, 2-4. Respondent also claims that Petitioner's second application for post-conviction relief did not toll the limitations period because it was filed after the one-year limitations period had expired. Brief in Support of Motion to Dismiss, 4. Finally, Respondent claims that Petitioner's claim of actual innocence does not equitably toll the limitations period because Petitioner has only argued legal innocence and because Petitioner has not diligently pursued his claim of actual innocence. Brief in Support of Motion to Dismiss, 4-8.

## II. DISCUSSION

### A. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period governing the claims of habeas petitioners in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

> if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Unless a petitioner alleges facts implicating subsections (B), (C), or (D), the limitations period generally begins to run from the date the judgment became final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not alleged anything suggesting that subsections (B), (C), or (D) would apply, so the petition's timeliness will be evaluated from the date Petitioner's convictions became final by the expiration of the time for seeking direct review.

Petitioner's judgment and sentence was issued on January 16, 2008. Brief in Support of Motion to Dismiss, Ex. 2. Petitioner applied to withdraw his guilty pleas on January 25, 2008. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App (requiring defendant to file application to withdraw plea with trial court within ten days after the judgment and sentence was issued). The state district court denied Petitioner's application on February 29, 2008, and the Oklahoma Court of Criminal Appeal denied certiorari to appeal that denial on October 15, 2008. Brief in Support of Motion to Dismiss, Exs. 3-4. As Petitioner did not seek a writ of certiorari with the United States Supreme Court, his convictions became final for limitations purposes on January 13, 2009. See 28 U.S.C. § 2101; see also Sup. Ct. R. 13; Locke v. Saffle, 237 F.3d 1269, 1273 (10th

Cir. 2001). Therefore, application of the one-year AEDPA limitations period would provide that the period began to run on January 14, 2009, and with no tolling would have expired on January 14, 2010. See Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.") (footnote omitted);[3] United States v. Hurst, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding courts should employ anniversary method in calculating the AEDPA statute of limitations).

**B. STATUTORY TOLLING**

The limitations period for seeking § 2254 relief is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, state court filings made after the expiration of the statute of limitations have no tolling effect upon the limitations period. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Petitioner's first application for post-conviction relief was filed on October 21, 2009, with approximately 84 days left in the limitations period, and the state district court denied it in an order dated November 24, 2009. Brief in Support of Motion to Dismiss, Exs. 4-6. Because Petitioner did not appeal that denial, his first application for post-conviction relief tolled the limitations period from October 21, 2009, to December 24, 2009, the date when his time to file a post-conviction appeal with the Oklahoma Court of Criminal Appeals expired. See Rule 5.2,

---

[3]This and any other unpublished dispositions are cited in accordance with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

5

Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. Thus, Petitioner's first application for post-conviction relief extended the limitations period to on or about March 18, 2010. However, Petitioner's second application for post-conviction relief did not toll the limitations period because it was filed on May 25, 2010, two months after the limitations period ran. Accordingly, unless equitable tolling is available, his petition is untimely.

### C. EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate his entitlement to equitable tolling. Cooper v. Bravo, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing Miller, 141 F.3d at 978).

As best can be discerned, Petitioner seems to claim that the limitations period should be equitably tolled because he is actually innocent, but he seems to only argue that he misunderstood that he was pleading to all counts rather than just some of them and thus his sentence was higher than he expected. He seems to claim that his trial counsel rendered ineffective assistance in letting him plead to all counts. As noted by Respondent, this

6

argument involves legal rather than factual innocence and is thus insufficient to equitably toll the limitations period. Hickmon v. Mahaffey, No. 01-5073, 28 Fed. Appx. 856, 858 n.1 (10th Cir. Nov. 29, 2001) (finding petitioner's allegations regarding trial errors argue only "legal innocence," which does not justify equitable tolling of the limitations period in 28 U.S.C. § 2244(d )); see also Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency."). Further, Petitioner has not presented any reliable evidence to meet the actual innocence exception.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that Respondent's motion to dismiss be granted and the petition be dismissed as untimely. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before March 2, 2011, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This recommendation disposes of all matters referred to the undersigned.

ENTERED this 10th day of February, 2011.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE